DAVID KARP COMPANY, INC., Appellant, v. SAINT PAUL FIRE AND MARINE INSURANCE COMPANY, Respondent.

BERGAN, J. (dissenting). The strongest case that the insurance company can make in support of its tendered construction of the policy it wrote is a case of ambiguity, and under familiar principles a case of ambiguity in construing an insurer's own language of coverage is commonly resolved against the insurer. It is conceded that the plaintiff delivered jewelry worth $81,266.74 to the Railway Express Agency, Air Express Division, for shipment and that the property was lost.

The policy provided coverage of $250,000 for loss of property "in transit" by "railway express (subject to the stipulations of Exclusion (E) of Section 5)". The "stipulations" of the "exclusion" of (E) of section 5 when

they, in turn, are examined, provide that shipments by express are excluded "unless by railway express (including air division thereof)": These two conditions of the policy ought to be read as meaning that when a shipment is made by "the air division" of the "railway express" the coverage is $250,000.

The coverage is limited by another paragraph of the policy to $5,000 where the shipment is by "air express". But the words of limitation do not stop there. After the words "air express" is the following parenthetical explanation of what is meant: "(subject to the stipulations of Exclusion (E) of Section 5)", the identical words, as it has been noted, that were used in the paragraph providing the $250,000 coverage. Of course, when one looks again at exclusion (E) of section 5 one again reads the fairly plain words that it is intended to exclude express shipments generally but not the air division of railway express. That is the way a business man of ordinary sense would regard the language.

The shipments by express generally are within the complete exclusion of the policy unless it be by railway express, and "air express" is within the $5,000 limitation of loss, unless it be by the air division of railway express. The differences, whatever their effect on risk may be, are recognized by the parties to be of sufficient importance to be distinctly separated. Nothing in the words of the assured's application made out on the insurer's printed form adds anything to the insurer's argument. The shipment herein fell within the $250,000 coverage of the policy and the judgment should be modified to reflect the plaintiff's actual loss.

Dore, J. P., Callahan, Breitel and Botein, JJ., concur in decision; Bergan, J., dissents and votes to modify, in opinion.

Judgment, so far as appealed from, affirmed, with costs.